106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Harold E. STOCKBURGER, Sr.; Rebecca A. Stockburger, Debtors,
Jerry FARINASH, Trustee, Appellant,
v.
Harold E. STOCKBURGER, Sr.; Rebecca A. Stockburger, Appellees.
 No. 96-5409.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1997.
 
 Before: GUY, SUHRHEINRICH, and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Jerry Farinash, trustee for the bankruptcy estate of Harold E. Stockburger, Sr. and Rebecca Ann Stockburger (debtors), appeals a district court order affirming an order of the bankruptcy court, holding that a business in Chattanooga, Tennessee, owned by the debtors, may be exempted from the property of the bankruptcy estate under 11 U.S.C. § 522(b)(2)(A). The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 The debtors were citizens and residents of the State of Georgia. They filed a petition in bankruptcy under Chapter 7. Subsequently, the matter was converted to bankruptcy under Chapter 13. Unsuccessful in their efforts to protect their residence, the debtors converted the bankruptcy back to Chapter 7. At the time they filed their petition in bankruptcy, the debtors owned a business in Chattanooga, Tennessee. Certain personal property was located at the business which was auctioned by the trustee in bankruptcy. The property has been reduced to cash.
 
 
 3
 The debtors claimed an exemption as to the property pursuant to 11 U.S.C. § 522. They asserted that under the law of Georgia, their state of residence, they were entitled to an exemption which covered the entire proceeds of the sale. The trustee objected to the exemption and asserted that any exemptions should be decided by Tennessee law, and not Georgia law, since the property was located in Tennessee and the debtors never had any intent of moving the property to Georgia.
 
 
 4
 On February 23, 1995, after hearing arguments from the parties regarding the matter, the bankruptcy court held that under § 522, the state of the debtors' domicile governed, and not the law of the forum. Accordingly, the bankruptcy court granted the exemption to the debtors. The district court affirmed. This timely appeal followed.
 
 
 5
 The Sixth Circuit independently reviews the bankruptcy court's decision. Canadian Pac. Forest Prods. Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.), 66 F.3d 1436, 1440 (6th Cir.1995); Ciba-Geigy Corp. v. Flo-Lizer, Inc. (In re Flo-Lizer, Inc.), 946 F.2d 1237, 1240 (6th Cir.1991). This court reviews the bankruptcy court's findings of fact under the clearly erroneous standard and reviews the bankruptcy court's conclusions of law under the de novo standard. In re The Gibson Group, Inc., 66 F.3d at 1440. Questions of statutory interpretation are subject to de novo review. Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc., 933 F.2d 376, 388 (6th Cir.), cert. denied, 502 U.S. 982 (1991).
 
 
 6
 The issue presented is whether a bankrupt debtor may claim as an exemption, property located in a state other than the state of his residence and domicile. We begin our analysis by resorting to the plain language of the statute. "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.' " Id. (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)).
 
 
 7
 The filing of a petition under the Bankruptcy Code creates an estate that comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). However, the Bankruptcy Code also permits individual debtors to exempt certain kinds of assets from the bankruptcy estate. See 11 U.S.C. § 522. Section 522(b) reads in pertinent part as follows:
 
 
 8
 An individual debtor may exempt from property of the estate ...
 
 
 9
 (2)(A) any property that is exempt under Federal law ... or state or local law that is applicable on the date of the filing of the petition at the place in which the debtors' domicile has been located for the 180 days immediately preceding the date of the filing of the petition.
 
 
 10
 The plain reading of § 522(b) leads to the conclusion that it is the debtor's domicile which governs. Nowhere does § 522(b) refer to the location of the property, nor does it refer to the location of the bankruptcy court. The statute clearly makes the exemption dependent upon the state law of the debtor's domicile.
 
 
 11
 The trustee's concerns regarding extraterritorial effects of state law are misplaced. Section 522(b) is a federal statute which has incorporated state law into its application. Upon incorporation, state law became a part of the federal statutory scheme; so it is federal law being given effect, not state law. Moreover, the trustee's misgivings regarding vagaries of state law resulting in inconsistent application of the law are also misplaced. The statute is a federal statute with nationwide application. In any event, this court is obligated to give effect to the plain meaning of the statute. Finally, the trustee's public policy arguments are of no avail when, as here, the plain language of the statute is clear.
 
 
 12
 Accordingly, the district court's order is affirmed.